## THE ROSE REICHERT.

(District Court, S. D. New York. April 17, 1917.)

COLLISION ⊜⟩154—SUITS FOR DAMAGES—COSTS.

Where, in a suit in personam for collision against respondents, who were at the time towing libelant's vessel under a contract and had engaged another tug to assist, respondents brought in such tug, which was adjudged solely in fault, the respondents in personam are entitled to recover their costs against libelant; the suit being one sounding in tort, and not for breach of contract.

[Ed. Note.—For other cases, see Collision, Cent. Dig. § 308.]

In Admiralty. Suit for collision by the Booth Steamship Company, Limited, against Frederick B. Dalzell and W. Freeland Dalzell, doing business as Fred B. Dalzell & Co., in which the tug Rose Reichert, the Reichert Towing Line, Incorporated, claimant, and the New York Central & Hudson River Railroad Company were impleaded. On settlement of costs.

Haight, Sandford & Smith, of New York City, for libelant.

Burlingham, Montgomery & Beecher, of New York City, for respondents Dalzell.

Foley & Martin, of New York City, for impleaded claimant.

Harrington, Bigham & Englar, of New York City, for impleaded respondent.

MAYER, District Judge. Counsel have requested that the court indicate in a formal memorandum the views entertained in respect of the allowance of costs to be made in the interlocutory decree to be entered as the result of the trial of this action.

The action was brought by Booth Steamship Company, Limited, owner of the steamship Francis, for damages sustained by the Francis, resulting from a collision on December 6, 1915, with a car float of the New York Central & Hudson River Railroad Company, which was made fast to Pier 5, New York Dock Company, while in tow of the tugs Dalzelline and Carroll B, owned by Fred B. Dalzell & Co., and of the Rose Reichert, owned by the Reichert Towing Line, Incorporated. Libelant filed its libel in personam on or about December 11, 1915, against Fred B. Dalzell and W. Freeland Dalzell, doing business as Fred B. Dalzell & Co. Respondents then, by petition under the fifty-ninth rule in admiralty (29 Sup. Ct. xlvi), brought into the suit in rem the tug Rose Reichert and in personam the New York Central & Hudson River Railroad Company.

The case having duly been tried, the court held the Rose Reichert solely at fault, and allowed the libelant a decree against the Reichert, with costs, and further allowed the New York Central costs as against Dalzell Bros. Such provision as was to be made in respect of costs because of the dismissal of the libel as against Dalzell Bros. was reserved until the settlement of the interlocutory decree. The awards of costs in favor of libelant against the Rose Reichert and in favor of the New York Central against Dalzell Bros. are not contested.

The sole question is whether Dalzell Bros. shall have costs against libelant. Obviously, the Rose Reichert should pay but one bill of costs. She is liable for her tort only to the person upon whom she inflicted the injury, which in this case was libelant. The Rose Reichert did not bring any person or res into the action, but was brought in. Therefore that she should pay costs only to libelant seems too clear for further discussion. As between libelant and respondents Dalzell, the libel inter alia sets forth:

"Third. On or about the 4th day of December, 1915, the libelant, through its agent, entered into a contract with the said respondents for the towing of the said steamship Francis from the Morse's Dry Dock and Repair Yard, in the borough of Brooklyn, city of New York, to Pier No. 4, New York Dock Company, East River, borough of Brooklyn, city of New York."

"Fifth. Said collision and damage were not caused by or through any fault of the libelant, or the officers and crew of the steamship Francis, but were caused wholly through the fault and negligence of the respondents' agents or employés, in the following among other particulars which will be shown at the trial: (1) In that they did not keep a proper lookout. (2) In that they did not tow the steamship Francis properly. (3) In that they did not maneuver the said steamship so as to prevent collision with the said car float."

The allegation of paragraph "third" was admitted by these respondents in their answer, but the allegations of paragraph "fifth" were denied. It was shown at the trial that the respondents contracted to move libelant's steamship, and engaged the services of the tug Rose Reichert to assist in the operation. It also appeared, and the court held, that the tug Dalzelline, belonging to respondents, was without fault, and that the tug Rose Reichert was solely responsible for the collision.

The argument of libelant is that, because of the contract between libelant and these respondents, and because there was no contractual relationship between the tug Rose Reichert and libelant, therefore libelant is not to be charged with costs. The theory apparently is that as between libelant and these respondents the master of the Rose Reichert was the agent of the respondents. This whole contention necessarily rests upon the proposition that the libel was brought to recover for the breach of a contract. As was said in The Oceanica (D. C.) 144 Fed. 301:

"The misconduct complained of was not the result of a breach of maritime contract. The injuries to the barge were sustained solely in consequence of the negligence of the towing steamer. And, according to the universally accepted doctrine, this action is brought ex delicto against the ship, for which she may be held liable, irrespective of any responsibility that may arise as a result of a breach of contract. The Barnstable, 181 U. S. 465, 21 Sup. Ct. 684, 45 L. Ed. 954; The Malek Adhel, 2 How. 210 [11 L. Ed. 239]; The Quickstep, 9 Wall. 665 [19 L. Ed. 767]; Ralli v. Troop, 157 U. S. 386 [15 Sup. Ct. 657, 39 L. Ed. 742]."

The Oceanica was reversed, but on this particular point it appears quite clearly that the Circuit Court of Appeals agreed with the view of the District Court. 170 Fed. at page 898, 96 C. C. A. 69. See also The Quickstep, 9 Wall. 665, at page 670, 19 L. Ed. 767.

The reasoning of these cases, it seems to me, fully applies to the case at bar. The action here was in no sense an action for damages for the breach of a maritime contract. It was clearly an action in tort, arising out of the negligence of the Rose Reichert. The respondents Dalzell did not in any manner commit any breach of their contractual obligations to libelant.

There is really no difference in principle between the award of costs in such circumstances in admiralty and the award of costs in any other branch over which the court has jurisdiction. A plaintiff (called in admiralty a libelant) must sue a proper defendant (by whatever name called in admiralty), and if the action is brought against the person not liable there is no reason why the person bringing the action should be permitted to escape the requirement of paying costs to the person wrongly sued who has been brought into court (whether in personam or in rem) by reason of the mistake of him who has brought the action. There may be times when it is difficult for a plaintiff to determine beforehand who is the person liable, but that difficulty is one of the perils of litigation, which any litigant is likely to encounter.

On the facts as developed in this case, therefore, I am of opinion that the respondents Dalzell should have costs against libelant.